FILED

FEB 5 2015

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MARIYAM AKMAL,

                Plaintiff - Appellant,

   v.

CENTERSTANCE INC.; et al.,

                Defendants - Appellees.

No. 13-35315

D.C. No. 3:11-cv-05378-RJB

MEMORANDUM[*]

Appeal from the United States District Court
for the Western District of Washington
Robert J. Bryan, District Judge, Presiding

Submitted January 21, 2015[**]

Before:    CANBY, GOULD, and N.R. SMITH, Circuit Judges.

    Mariyam Akmal appeals pro se from the district court's judgment in her employment action alleging federal and state law claims. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under Federal Rule of Civil Procedure 12(b)(6). *Hebbe v. Pliler*, 627 F.3d 338, 341 (9th Cir. 2010). We

---

    [*]    This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

    [**]    The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

may affirm on any ground supported by the record. *Thompson v. Paul*, 547 F.3d 1055, 1058-59 (9th Cir. 2008). We affirm in part and dismiss in part.

The district court properly dismissed the racial discrimination, hostile work environment, and retaliation claims because Akmal failed to allege facts sufficient to show that the alleged conduct was due to her race or because she engaged in a protected activity. *See Hebbe*, 627 F.3d at 341-42 (though pro se pleadings are liberally construed, plaintiff must allege sufficient facts to state a plausible claim); *Johnson v. Riverside Healthcare Sys., LP*, 534 F.3d 1116, 1122 (9th Cir. 2008) (elements of a 42 U.S.C. § 1981 hostile work environment claim); *Surrell v. Cal. Water Serv. Co.*, 518 F.3d 1097, 1107 (9th Cir. 2008) (elements of a 42 U.S.C. § 1981 retaliation claim); *Fonseca v. Sysco Food Servs. of Ariz., Inc.*, 374 F.3d 840, 847, 850 (9th Cir. 2004) (elements of a 42 U.S.C. § 1981 discrimination claim).

Because Akmal raised no arguments relating to the dismissal of her claims under 42 U.S.C. § 1983, the Washington Law Against Discrimination, and the Washington Consumer Protection Act, she has waived any challenge to the district court's rulings on these claims. *See Miller v. Fairchild Indus., Inc.*, 797 F.2d 727, 738 (9th Cir. 1986) ("The Court of Appeals will not ordinarily consider matters on appeal that are not specifically and distinctly argued in appellant's opening

brief[.]").

We lack jurisdiction to consider the district court's order dismissing without prejudice Akmal's breach of contract claim because Akmal failed to file a timely notice of appeal. *See* 28 U.S.C. § 2107(a) (setting forth the 30-day requirement for filing a notice of appeal from a judgment, order or decree).

We reject Akmal's contention that the district court erred by dismissing her complaint before allowing her to conduct discovery.

**AFFIRMED in part; DISMISSED in part.**